UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                           **MEMORANDUM OPINION
                                    AND ORDER**

Kevin Joseph Fenner,          Criminal No. 06-211 (01)

    Defendant/Petitioner.

---

    Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    William M. Orth, Counsel for Defendant/Petitioner.

---

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

**I.    Background**

The Petitioner was convicted by a jury of the following counts: Count 1 - Conspiracy to Distribute Fentanyl[1] and in Excess of 50 grams of Cocaine Base; Count 2 - Aiding and Abetting Distribution of Approximately 63 grams of Cocaine Base; Count 3 - Aiding and Abetting Distribution of Approximately 8

---

[1] Fentanyl is a synthetic and potent form of heroine.

1

grams of Fentanyl; and Count 7 - Possession with Intent to Distribute Approximately 63 grams of Cocaine.

On December 9, 2008, the Court sentenced the Petitioner to a term of life imprisonment for Counts 1 and 2, and a term of 360 months imprisonment for Counts 3 and 7, to be served concurrently. At the time of sentencing, the law required courts to impose mandatory minimum life sentences for defendants who had been convicted of possessing more than 50 grams of cocaine base (crack cocaine) and who had more than one prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(A)(iii), (viii). The Petitioner qualified for a mandatory life sentence because one of the counts of conviction was for possession of 209.7 grams of cocaine base and because he had five prior felony drug convictions.

Before sentencing, the Petitioner had challenged the constitutionality of 21 U.S.C. § 841 (b)(1)(A)(iii) and (viii) on grounds that it disproportionately impacted African-Americans, in violation of the Fifth Amendment, and imposed a disproportionately severe punishment, in violation of the Eighth Amendment.

In support, the Petitioner cited studies showing that as many as 88% of offenders convicted and sentenced under the 100 to 1 crack-to-powder cocaine ratio were African-American. (See e.g., Def. Posit. with Reg. to Sent'g Factors

[Docket No. 200 at 3-4].)  The Petitioner also cited bills then moving through Congress that he believed would result in new law that would reduce sentencing ratios and raise the possession amount triggering mandatory life sentences from 50 to 500 grams of cocaine base.  (Def. Renew'd Mot. to Declare 21 U.S.C. § 841(b)(1)(A)(iii) Unconst. [Docket No. 254 at 2-3].)  The Petitioner sought multiple continuances in the hope of delaying sentencing until after the law was amended.  This Court granted several continuances, but ultimately rejected his constitutional challenges and sentenced Petitioner prior to the law being amended.

     The Petitioner appealed his sentence to the Eighth Circuit, again arguing that the mandatory life sentence violates his rights under the Fifth and Eighth Amendments.  The Eighth Circuit rejected these arguments, finding that the mandatory minimum sentence does not violate equal protection, and that such sentence was not grossly disproportionate given the amount of drugs involved and Petitioner's five prior felony drug convictions.  United States v. Fenner, 600 F.3d 1014 (8th Cir. 2010), reh'g and reh'g en banc denied, id. (May 13, 2010), cert. denied, Fenner v. United States, 131 S. Ct. 900 (2011).

On August 3, 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010).  Pursuant to the FSA, the amount triggering mandatory life sentences was raised from 50 grams of cocaine base to 280 grams of cocaine base.  Pub. L. 111-220, § 2(a).

The Petitioner filed this petition to Vacate, Set Aside or Correct Sentence on January 6, 2012.  He claims relief under § 2255 on grounds that his sentence violates his Fifth and Eighth Amendment rights as supported by reports from the United States Sentencing Commission and by the passage of the FSA.  Alternatively, the Petitioner requests the Court to delay its decision on his § 2255 Petition until the United States Supreme Court decides two cases concerning the retroactivity of the FSA with respect to those defendants convicted of a violation of §§ 841 (a)(1) before, but sentenced after, the passage of the FSA.

II.   **Discussion**

   A.   **Standard**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28

U.S.C. § 2255(a). The court may grant the motion if it finds "that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement on the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b).

Section 2255 generally may not "be used to relitigate matters decided on direct appeal." Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011) (citing Davis v. United States, 417 U.S. 333, 346-47 (1974)). One exception to this general rule is where there has been "'an intervening change in the law.'" Davis, 417 U.S. at 342 (quoting Sanders v. United States, 373 U.S. 1, 17 (1963)). The change in law, however, must result in such a "fundamental defect" that it "inherently results in a complete miscarriage of justice." Id. at 346.

### B. The Petitioner's Sentence Did Not Violate the Laws of the United States.

Courts may grant § 2255 relief if the sentence imposed on a prisoner violated the laws of the United States. "An unlawful sentence is one imposed without, or in excess of, statutory authority." Sun Bear, 644 F.3d at 705 (citations omitted). As discussed previously, at the time of sentencing, the law mandated that Petitioner be sentenced to life imprisonment based on the counts of his conviction. Eighteen months after sentencing, Congress enacted the FSA.

Although it had both authority and opportunity to do so, Congress declined to apply the FSA retroactively.  See United States v. Woods, 642 F.3d 640, 644-45 (8th Cir. 2011); United States v. Neadeau, 639 F.3d 453 456 (8th Cir. 2011); United States v. Smith, 632 F.3d 1043, 1048 (8th Cir. 2011).  Because the Petitioner's sentence of life imprisonment conformed to the statutory requirements in force at the time of sentencing, his sentence does not violate the laws of the United States.

    **C.**    **The Petitioner's Sentence Did Not Violate the Constitution of the United States.**

        **1. Petitioner Cannot Relitigate the Constitutionality of His Sentence Because Maintaining the Sentence Would Not Result in a "Complete Miscarriage of Justice."**

The Petitioner argues that § 2255 relief is justified on grounds that his life sentence violated his constitutional rights.  With "rare exceptions," Petitioners may not use § 2255 to "relitigate matters decided on direct appeal."  Sun Bear, F.3d 644 at 702.  The Petitioner has already challenged the constitutionality of his sentence on direct appeal, and lost.  Fenner, 600 F.3d at 1025 ("The mandatory minimums in § 841(b)(1)(A) do not violate equal protection . . . [and] the mandatory life sentence was not grossly disproportionate."); see also United States v. Whiting, 528 F.3d 595 (8th Cir. 2008); United States v. Whitehead, 487 F.3d 1068 (8th Cir. 2007) (holding that a life sentence does not violate Eighth

Amendment for a defendant convicted of intent to possess and distribute more than 50 grams of cocaine base, and who had five prior felony drug convictions); United States v. Chahia, 544 F.3d 890 (8th Cir. 2008) (holding that a life sentence for methamphetamine dealer did not constitute cruel and unusual punishment); United States v. Samuels, 543 F.3d 1013 (8th Cir. 2008) (affirming life sentence for crack dealer who, on two occasions, distributed less than one ounce of crack in a school zone).

Courts will permit a Petitioner to relitigate settled issues for the purposes of § 2255 relief in those exceptional cases where there has been an "intervening change in the law" and that pursuant to such change the Petitioner's sentence would "result[] in a complete miscarriage of justice." Davis, 417 U.S. at 346. For example, where the change in the law provided that the conduct for which the petitioner had been convicted and sentenced was lawful, collateral attacks are permitted. Sun Bear, 644 F.3d at 705 (citing United States v. Addonizio, 442 U.S. 178, 186-87 (1979)).

In this case, the FSA amended only the statutory sentencing ranges for certain drug offenses. It remains unlawful to possess or distribute drugs such as cocaine base. Accordingly, Petitioner has not demonstrated to the Court that

failure to apply the FSA retroactively would result in a complete miscarriage of injustice.  Petitioner is thus barred from relitigating the constitutionality of his sentence.

### 2. The Retroactivity Rule of Griffith Does Not Apply to Federal Statutes.

The Petitioner seeks to circumvent the relitigation bar pursuant to the retroactivity rule set forth in Griffith v. Kentucky, 479 U.S. 314 (1987).  Griffith held that a new, constitutionally-mandated rule of criminal procedure must be applied retroactively to a defendant whose case is pending on direct review.  Id. at 327.  The Court finds that Griffith has no application in this case because the FSA is not a constitutionally mandated rule of criminal procedure; it is an act of Congress.  Further, Congress did not amend § 841 as a response to a constitutional mandate from the Supreme Court; it was passed to implement a change in public policy and to "restore fairness to Federal cocaine sentencing."  Pub. L. 111-220.  The retroactivity rule in Griffith does not extend to federal legislation passed for policy reasons.  United States v. McBride, 426 F. App'x 471, 474 (8th Cir. 2011) (citing United States v. Robinson, 405 F. App'x 72, 73 (7th Cir. 2010)).

### 3. The FSA Did Not Change the Constitutionality of Pre-FSA § 841 Sentences.

In his reply brief, the Petitioner argues that his sentence may be reviewed under § 2255 for proportionality under the Eighth Amendment now that Congress, the White House and the Department of Justice have reached a national consensus against the previously imposed 100 to 1 crack to powder cocaine ratios.

It may be that the passage of the FSA and the new national consensus concerning the unfairness of the mandatory minimum sentencing for cocaine base convictions will erect a new "standard of decency." See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Trop v. Dulles, 356 U.S. 68, 101 (1958) (plurality opinion)) ("[W]e have held repugnant to the Eighth Amendment punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'"). But if it does, such standard is prospective, not retrospective. See Smith, 632 F.3d at 1049 (post FSA, rejecting argument that sentence violates the Eighth Amendment).

### D. A Supreme Court Decision in <u>Dorsey</u> and <u>Hill</u> Will Not Affect Petitioner's Claims for Relief.

Finally, the Petitioner asks the Court to delay ruling on his § 2255 petition until the conclusion of two cases currently before the United States Supreme Court: <u>United States v. Fisher</u>, 635 F.3d 336 (7th Cir. 2011), <u>reh'g and reh'g en banc denied</u>, 646 F.3d 429 (7th Cir. 2011), <u>cert. granted</u>, <u>Dorsey v. United States</u>, 132 S.Ct. 759 (Nov. 28, 2011); and <u>United States v. Hill</u>, 417 F. App'x 560 (7th Cir. 2011), <u>cert. granted</u>, <u>Hill v. United States</u>, 132 S.Ct. 759 (Nov. 28, 2011).

At issue in the <u>Dorsey</u> and <u>Hill</u> cases, is whether the FSA should be to those defendants who had not yet been sentenced when the FSA was passed. As Petitioner was convicted and sentenced before the FSA was passed, the rulings in <u>Dorsey</u> and <u>Hill</u> would have no application in this case.

### E. Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

**IT IS HEREBY ORDERED** that the Petition to Vacate, Correct or Set Aside Sentence (Docket No. 306) is **DENIED**. The Court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: May 10, 2012

                                          s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court