UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                    **ORDER**

Kevin Joseph Fenner,             Criminal No. 06-211 (01) (MJD)

    Defendant/Petitioner.

---

    William M. Orth, Counsel for Defendant/Petitioner.

---

This matter is before the Court upon Petitioner's Motion for Reconsideration of this Court's Order denying his Petition to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

The Local Rules for the District of Minnesota provide that a motion to reconsider can only be filed with the Court's express permission, and then, only "upon a showing of compelling circumstances." L.R. 7.1(g). Accordingly, the Court will treat the current motion as a request to file a motion for reconsideration.

In determining whether the Petitioner has made a showing of compelling circumstances, the Court keeps in mind that motions for reconsideration serve a limited purpose:

> to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Petitioner does not offer newly discovered evidence in support of this request. Instead, he asserts that the Court's denial of his § 2255 Petition was based on manifest errors of law. Petitioner asserts that the Fifth and Eighth Amendment claims asserted in his § 2255 Petition were not argued on appeal, therefore he is not attempting to relitigate such claims.

Contrary to Petitioner's claim, he did previously challenge his sentence on Fifth and Eighth Amendment grounds, arguing that the 100:1 crack to powder ratio disproportionately impacts African Americans, that the statutory mandatory minimums have been discredited and that a consensus exists that such minimums can no longer pass constitutional muster, and that imposing a life sentence would amount to cruel and unusual punishment. See United States v. Fenner, 600 F.3d 1014, 1024 (8th Cir. 2010).

Petitioner further argues that the Court should reconsider his Eighth Amendment proportionality challenge based on a national consensus established, in part, by the Fair Sentencing Act.  As previously noted, the Eighth Circuit has rejected this argument.  United States v. Smith, 632 F.3d 1043, 1049 (8th Cir. 2011) (finding post-FSA that sentence of life imprisonment did not violate Eighth Amendment's prohibition against cruel and unusual punishment).

In a second motion for reconsideration, Petitioner asks that the Court reconsider its denial of his habeas petition based on the recent decision of the United States Supreme Court in Dorsey v. United States, 132 S. Ct. 2321 (June 21, 2010).  In Dorsey, the Court held that the more lenient penalties of the FSA apply to those offenders whose crimes preceded the effective date of the FSA, but who were sentenced after that date.  Dorsey does not apply here as Petitioner was sentenced prior to the effective date of the FSA.  Petitioner argues, however, that in Dorsey, the Court was actually "enshrining the will of Congress to restore proportionality to crack sentencings and further ratifying the national consensus against the 100 to 1 crack to powder disparity repealed de facto on August 3, 2010 by the FSA."  (Doc. No. 317 at 3.)

No court has yet granted relief to a defendant who was sentenced before the effective date of the FSA, in light of Dorsey.  See United States v. Finley, No. 10-3672, 2012 WL 2505630 (6th Cir. Jun. 29, 2012); Reid v. United States, __ F. Supp.2d __, 2012 WL 2541904, at *10 (D. Del. Jun. 27, 2012); United States v. Scarborough, No. CR-03-118, 2012 WL 2702983 (E.D. Ok. Jul. 6, 2012); Ford v. United States, Nos. 11-cv-2761, 09-cr-88, 2012 WL 2798532 (M.D. Fla. 2012).

Contrary to Petitioner's argument, there is no language in the Dorsey decision that would support his request for relief.  Dorsey is based on the principle that in federal sentencing, the ordinary practice is to apply penalties in effect at the time of sentencing, and that language in the FSA implies that Congress intended to follow this principle.  Id. 132 S. Ct. at 2332.

Because Petitioner failed to demonstrate that this Court committed manifest errors of law in denying his motion for relief pursuant to § 2255,

**IT IS HEREBY ORDERED** that the request to file a motion for consideration [Doc. No. 315] is DENIED.

Date:   July 13, 2012

                                                  s/ Michael J. Davis
                                                  Michael J. Davis
                                                  Chief Judge
                                                  United States District Court