IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No.  06 CR 211 |
| v. | ) ) | Hon. Michael J. Davis |
| KEVIN JOSEPH FENNER | ) ) | |

## JOINT STATEMENT FOR A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

The UNITED STATES OF AMERICA, by its attorney JEFFREY PAULSEN, and KEVIN FENNER, by his attorney, MIANGEL CODY, submit the following joint statement pursuant to Section 404 of the First Step Act. The parties agree that Defendant Fenner is eligible for a sentence reduction and, further, the parties recommend that the Court impose a sentence in its discretion between 210 to 262 months' imprisonment.

### I.     BACKGROUND

Defendant Kevin Fenner was charged with conspiring to distribute cocaine, crack and fentanyl (Count 1), distributing 61.7 grams of crack cocaine (Count 2), distributing 8 grams of fentanyl (Count 3), and possessing with the intent to distribute approximately 63 grams of powder cocaine (Count 7). The government filed a double enhancement pursuant to 21 U.S.C. § 851, which subjected Defendant Fenner to a mandatory life sentence because he had at least two prior qualifying drug convictions. A jury found Fenner guilty on all counts.

On December 9, 2008, the Court sentenced Defendant Fenner to concurrent mandatory life sentences on Count 1 and Count 2. The Court sentenced Fenner to 360

months' imprisonment on Count 3 and Count 7, to be run concurrent with each other and all other counts.

## II.   STATUTORY AUTHORITIES

### A.   The Fair Sentencing Act of 2010

Prior to the Fair Sentencing Act of 2010 (FSA), an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum and a statutory maximum of life imprisonment. A defendant with at least two prior qualifying drug convictions would be subject to a mandatory minimum of life imprisonment, if the government pursued the enhanced penalties set forth in § 851. An offense involving 5 to 49.9 grams of crack cocaine triggered a 5-year minimum sentence and a statutory maximum of 40 years of imprisonment. *Dorsey v. United States*, 567 U.S. 260, 266 (2012).

Section 2 of the FSA amended § 841(b)(1)(A)(iii) by striking "50 grams" and inserting "280 grams" and amended § 841(b)(1)(B)(iii) by striking "5 grams" and inserting "28 grams". Public Law 111-220; 124 Stat. 2372, § 2. Accordingly, post-FSA, it takes 280 grams of crack cocaine to trigger § 841(b)(1)(A)(iii)'s 10-year mandatory minimum and 28 grams to trigger § 841(b)(1)(B)(iii)'s 5-year mandatory minimum. *Dorsey*, 567 U.S. at 269. Furthermore, it now takes at least 280 grams of crack to trigger the mandatory life penalty set forth in § 851's recidivist provision. The Supreme Court determined the FSA applied to any defendant who had not been sentenced as of the Act's effective date: August 3, 2010. *Id.* at 281. The FSA did not apply retroactively to defendants sentenced prior to August 3, 2010. *Id.*

### B.   The First Step Act of 2018

The First Step Act of 2018 legislatively authorized district courts to reduce pre-FSA crack penalties retroactively for "covered offense[s]". Specifically, § 404(a) of the First Step Act

2

defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then states: "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."[1]

### III.    DISCUSSION

**A. The Parties Agree that Defendant Kevin Fenner is Eligible for a Reduced Sentence Pursuant to Section 404 of the First Step Act.**

The First Step Act independently authorizes a district court to impose a reduced sentence where the statutory penalty provisions of the Fair Sentencing Act would have applied had the Act been in effect at the time of the original sentencing.  On April 9, 2020, Defendant Fenner filed a motion to reduce his sentence pursuant to Section 404 of the First Step Act.

The government interposes no objection to Mr. Fenner's request for a reduced sentence. The parties agree that the 2010 Fair Sentencing Act's reduced penalty structure

---

[1] There are only two limitations to the Court's ability to impose a reduced sentence. First, the defendant cannot receive a reduced sentence if the sentence was imposed or previously reduced in accordance with the amendment made by sections 2 and 3 of the FSA. Second, if the Court has already rejected a motion filed under § 404 of the Fair Sentencing Act "after a complete review of the motion on the merits" the defendant cannot ask for a second bite at the apple. First Step Act § 404(c). Neither exception applies to Mr. Fenner's case, as he has never received or been denied a Section 404 reduction.

would have applied to Mr. Fenner had that Act been in effect during his 2008 sentencing. Therefore, the parties agree that Mr. Fenner is eligible for a sentence reduction pursuant to Section 404 of the First Step Act.

**B. The Parties Recommend a Sentence Between 210 to 262 months' imprisonment.**

Per the original PSR, Defendant Fenner was found to be a career offender, which increased his base offense level to 37 and set his criminal history category at VI. PSR at ¶ 34. By the government's calculation, Defendant Fenner remains a career offender under the current guidelines.[2] Assuming *arguendo* that Fenner's total offense level is 34 and his criminal history category is VI, that results in a current guideline range of 262 to 327 months' imprisonment. Defendant Fenner has been in custody since June 23, 2007. He has served approximately 155 months of actual custody. He appears to have used his imprisonment constructively and taken a number of BOP classes.

Based on the facts set forth above, the parties recommend that the Court impose a sentence between 210 to 262 months' imprisonment as a penalty that is "sufficient, but not greater than necessary" pursuant to 18 U.S.C. § 3553(a).

WHEREFORE, the parties request the following course of action:

(a) that the Court grant Defendant Kevin Fenner's motion for a reduced sentence pursuant to Section 404 of the First Step Act. Doc. No. 339;

(b) that the Court exercise its discretion and impose a sentence between 210 to 262 months' imprisonment on Counts 1, 2, 3, and 7 of the Indictment, with

---

[2] In his motion for a reduced sentence, Defendant Fenner argued that he may not be classified as a career offender today. The parties agree that the Court need not resolve that issue definitively, given this joint recommendation for a sentence between 210 to 262 months' imprisonment.

    the sentences to be run concurrent on all counts.

Respectfully submitted,

| | |
|---|---|
| ERICA H. MACDONALD<br>UNITED STATES ATTORNEY | KEVIN FENNER<br>DEFENDANT |
| BY: /s/ Jeffrey Paulsen | BY: /s/ MiAngel Cody |
| Assistant United States Attorney<br>300 S. 4th St., Ste 600<br>Minneapolis, MN 55415<br>Telephone: (612) 664-5600 | TDC Law Office<br>1325 S. Wabash Ave., Ste 305<br>Chicago, Illinois 60605<br>Telephone: (312) 858-8330<br>*Counsel for Kevin Fenner* |

5

## **CERTIFICATE OF SERVICE**

The undersigned, MiAngel Cody, an attorney with The Decarceration Collective hereby certifies that on June 5, 2020, I electronically filed the following with the Clerk of the Court using the CM/ECF system:

**JOINT STATEMENT FOR A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**

/s/ MiAngel Cody
MIANGEL CODY

THE DECARCERATION COLLECTIVE
LAW OFFICE
900 W. Jackson Blvd. Suite 7E
Chicago, IL 60607

*Counsel for Kevin Fenner*
